# EXHIBIT A

ELECTRONICALLY FILED - 2017 Jul 20 6:36 PM - HORRY - COMMON PLEAS - CASE#2017CP2604574

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | |
| ) | CIVIL ACTION NO. 2017-CP-26-_____ |
| Mark H. Vance, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **SUMMONS** |
| ) | (Jury Trial Demanded) |
| Fred T. Combs, individually and as agent ) | (Motor Vehicle Accident) |
| of Unifirst Corporation, and Unifirst ) | |
| Corporation, ) | |
| Defendants. ) | |
| _____) | |

**TO: THE DEFENDANTS:**

YOU ARE HEREBY SUMMONED and required to answer the Electronically Filed Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your Answer to said Complaint on the Chandler Law Firm, 2501 Oak Street, Bank of America Building, P.O. Box 1889, Myrtle Beach, SC 29578-1889, within thirty (30) days after the service hereof, exclusive of the date of such service; <u>and if you fail to answer this Complaint within thirty (30) days, judgment by default will be rendered against you in Court for the relief demanded in the Complaint</u>.

                                                           CHANDLER LAW FIRM

                                                              <u>s/ Jeff C. Chandler</u>
                                                              Jeff C. Chandler, Bar No.16678
                                                              Amy B. Kalbaugh, Bar No.101773
                                                              2501 Oak Street
                                                              Bank of America Building
                                                               P.O. Drawer 1889
                                                               Myrtle Beach, SC  29578
                                                               Phone: (843) 448-4357
                                                               Fax: (843) 448-4005
                                                               *Attorneys for Plaintiff*

July 20, 2017
Myrtle Beach, South Carolina

ELECTRONICALLY FILED - 2017 Jul 20 6:36 PM - HORRY - COMMON PLEAS - CASE#2017CP2604574

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | |
| ) | CIVIL ACTION NO. 2017-CP-26-_____ |
| Mark H. Vance, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | (Jury Trial Demanded) |
| Fred T. Combs, individually and as agent ) | (Motor Vehicle Accident) |
| of Unifirst Corporation, and Unifirst ) | |
| Unifirst Corporation, ) | |
| Defendants. ) | |
| _____) | |

The Plaintiff, complaining of the Defendants herein, alleges:

1. That the Plaintiff, Mark H. Vance, is a resident and citizen of the County of Horry, State of South Carolina and was the operator of a vehicle involved in a collision on August 4, 2014.

2. That, upon information and belief, the Defendant, Fred T. Combs, (hereafter "Defendant Driver") is a resident and citizen of the County of Horry, State of South Carolina and at the time of the occurrence herein mentioned, was the operator of a truck owned by Unifirst Corporation.

3. That, upon information and belief, the Defendant Driver was acting as an agent within his authority during the course and scope of his employment with Defendant, Unifirst Corporation at the time of the accident.

4. That, upon information and belief, the Defendant, Unifirst Corporation, (hereafter "Defendant Unifirst") is a corporation, incorporated in the State of Massachusetts, and does business in Horry County, South Carolina. That all acts herein complained of were performed and done by the Defendant Driver in the course and scope of agency, authority, and employment with Defendant Unifirst.

5. That this Court has jurisdiction over the parties and subject matter of this lawsuit.

## FIRST CAUSE OF ACTION
### (Negligence against Defendant Driver)

6. The Plaintiff incorporates all above allegations by reference as though fully set forth herein.

7. That on or about August 4, 2014, the Plaintiff was operating a vehicle that was traveling north on U.S. Highway 501 near Conway, South Carolina, at approximately 7:31 a.m.

8. That at the time and place where Plaintiff's vehicle was traveling, the Defendant Driver was traveling south on U.S. Highway 501 near Conway, South Carolina when he attempted to turn left and cross Highway 501, failing to yield the right-of-way to Plaintiff's approaching vehicle, and struck the driver side of Plaintiff's vehicle.

9. That the Defendant Driver had, or should have had, adequate opportunity to perceive Plaintiff's vehicle, and that it was by and through the negligent, grossly negligent, careless, reckless, willful and wanton acts or omissions of the Defendant Driver that he failed any last clear chance to avoid the collision.

10. That at the time and place previously mentioned, the Defendant Driver, was negligent, careless, reckless, willful and wanton in one or more of the following particulars, to wit:

   a. In then and there operating the said truck at a rate of speed which was excessive for the circumstances then prevailing;

   b. In then and there failing to keep a proper lookout;

   c. In then and there failing to maintain proper control over the truck;

   d. In then and there failing to take advantage of any last clear chance to avoid striking the Plaintiff's vehicle, when the Defendant Driver saw, or should have seen the Plaintiff's vehicle;

   e. In then and there failing to take any evasive action, by any means, to keep from

ELECTRONICALLY FILED - 2017 Jul 20 6:36 PM - HORRY - COMMON PLEAS - CASE#2017CP2604574

ELECTRONICALLY FILED - 2017 Jul 20 6:36 PM - HORRY - COMMON PLEAS - CASE#2017CP2604574

      striking the Plaintiff's vehicle;

f. In then and there colliding with the Plaintiff's vehicle;

g. In then and there failing properly to observe the road and traffic conditions;

h. In then and there failing to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances;

i. In then and there operating a truck with a reckless disregard for the rights and safety of others, and especially the rights and safety of the Plaintiff;

j. In then and there failing to yield the right-of-way upon approaching a place where Defendant Driver saw, or should have seen, the Plaintiff's vehicle;

k. In then and there violating the laws, statutes and ordinances in such cases made and provided;

l. In then and there failing to obey traffic patterns and in not bringing the aforesaid truck to a stop in response;

m. In then and there failing to properly equip the said truck with adequate and safe brakes; and if so properly equipped, in failing properly to utilize them;

n. In then and there failing to properly equip the said truck with adequate and safe steering mechanisms; and if so properly equipped, in failing to utilize them properly;

o. In then and there failing to bring Defendant Driver's truck to a stop before striking Plaintiff's vehicle; and

p. In being distracted and inattentive while operating said truck.

11. That the above-referenced acts of negligence were a direct and proximate cause of the injuries to Plaintiff and the resulting damages sustained by Plaintiff as outlined below.

12. The Plaintiff asks for judgment against all Defendants for actual damages and punitive

damages for conduct as outlined above as reckless, wanton, and willful.

## SECOND CAUSE OF ACTION
### (Negligence/Respondeat Superior against Defendant Unifirst Corporation)

13. The Plaintiff incorporates all above allegations by reference as though fully set forth herein.

14. That at the time of the collision described herein, Defendant Driver was operating a truck owned and maintained by Defendant Unifirst in furtherance of Defendant Unifirst's business.

15. That at all times mentioned herein, Defendant Driver was an employee of Defendant Unifirst acting within the course and scope of his authority and employment at the time of the above-mentioned negligent acts.

16. That Defendant Unifirst is further liable for the negligent acts of its employee, Defendant Driver, who was operating its truck at the time of the herein collision through the doctrine of Respondeat Superior.

17. That the above-referenced acts of negligence were a direct and proximate cause of the injuries to the Plaintiff and the resulting damages sustained by the Plaintiff. Said acts being in violation of the Statutes and Laws of the State of South Carolina.

18. The Plaintiff asks for judgment against all Defendants for actual damages and punitive damages for conduct as outlined above as reckless, wanton, and willful.

## THIRD CAUSE OF ACTION
### (Negligent Hiring/Retention against Defendant Unifirst Corporation)

19. The Plaintiff incorporates all above allegations by reference as though fully set forth herein.

20. That Defendant Unifirst entrusted Defendant Driver with its' truck involved in the referenced collision.

ELECTRONICALLY FILED - 2017 Jul 20 6:36 PM - HORRY - COMMON PLEAS - CASE#2017CP2604574

21. That Defendant Unifirst had a duty to exercise due care in the hiring, retention, training and supervision of employees driving its vehicles, specifically, Defendant Driver.

22. That Defendant Unifirst had a duty to prevent its employee, Defendant Driver, from creating an unreasonable risk of harm to the public.

23. That Defendant Unifirst breached their required duty to exercise due care by failing to select, train and supervise the Defendant Driver as to proper use and care when operating a heavy duty truck.

24. That Defendant Unifirst knew or should have known that Defendant Driver was unfit to operate the truck and was incompetent or habitually reckless which created an undue risk of harm to the public and the Plaintiff.

25. That the above-referenced acts of negligence were a direct and proximate cause of the injuries to the Plaintiff and the resulting damages sustained by the Plaintiff as outlined below. Said acts being in violation of the Statutes and Laws of the State of South Carolina.

26. The Plaintiff asks for judgment against all Defendants for actual damages and punitive damages for conduct as outlined above as reckless, wanton, and willful.

## FOURTH CAUSE OF ACTION
### (Negligent Entrustment against Defendant Unifirst Corporation)

27. The Plaintiff incorporates all above allegations by reference as though fully set forth herein.

28. That Defendant Unifirst was the owner of the said truck and/or had custody and control of the truck driven by Defendant Driver at the time of the collision which is the subject matter of this action.

29. Upon information and belief, Defendant Unifirst entrusted the vehicle, a dangerous instrumentality, to Defendant Driver.

ELECTRONICALLY FILED - 2017 Jul 20 6:36 PM - HORRY - COMMON PLEAS - CASE#2017CP2604574

30. That Defendant Driver was negligent, incompetent, and reckless in operating the said truck as above-referenced.

31. That Defendant Unifirst, with the exercise of reasonable care, knew or should have known that Defendant Driver was incompetent, inexperienced or reckless in operating vehicles.

32. That the Plaintiff suffered injuries as a direct and proximate result of the negligence and incompetency of Defendant Driver combined with the negligent entrustment of the said truck by Defendant Unifirst.

33. That Defendant Unifirst was negligent, reckless, willful and wanton in one or more of the following particulars to wit:

   a. In negligently entrusting the truck to the Defendant Driver when they knew or should have known that Defendant Driver was not a safe driver and used poor judgment when operating a truck;

   b. In failing to exercise reasonable care to see that the subject truck was in safe mechanical condition so as not to endanger the public and specifically, the Plaintiff;

   c. In failing to ensure that Defendant Driver was capable of operating the truck in a safe manner;

   d. In giving the Defendant Driver general authority to operate said truck;

   e. In failing to determine the suitability of the Defendant Driver to operate the said truck;

   f. In otherwise failing to use due care; and

   g. In violating the laws, statutes and ordinances of the State of South Carolina enacted to protect the safety and health of the public so as to constitute

negligence per se and such other particulars as the evidence at trial may show.

34. That the above-referenced acts of negligence were a direct and proximate cause of the injuries to Plaintiff and the resulting damages sustained by the Plaintiff as outlined below.

35. The Plaintiff asks for judgment against all Defendants for actual damages and punitive damages for conduct as outlined above as reckless, wanton, and willful.

36. That as a direct and proximate result of the negligent, grossly negligent, careless, reckless, willful and wanton acts or omissions of Defendant Driver and Defendant Unifirst referenced above, the Plaintiff suffered severe injuries to his head, neck, back, left clavicle, left shoulder, bilateral upper extremities and bilateral lower extremities.

37. As a result of the above-referenced acts or omissions by both Defendant Driver and Defendant Unifirst, the Plaintiff suffered the following damages:

    a. Medical expenses in the past and future;

    b. Physical pain and mental suffering in the past and future;

    c. Disfigurement in the past and future;

    d. Loss of household services in the past and future;

    e. Lost earnings in the past and future;

    f. Damage to earning capacity; and

    g. Physical impairment in the past and future.

WHEREFORE, the Plaintiff demands judgment against all Defendants, jointly and severally liable, for actual and punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

*[Signature block on following page]*

ELECTRONICALLY FILED - 2017 Jul 20 6:36 PM - HORRY - COMMON PLEAS - CASE#2017CP2604574

ELECTRONICALLY FILED - 2017 Jul 20 6:36 PM - HORRY - COMMON PLEAS - CASE#2017CP2604574

CHANDLER LAW FIRM

s/ Jeff C. Chandler
Jeff C. Chandler, Bar No.16678
Amy B. Kalbaugh, Bar No.101773
2501 Oak Street
Bank of America Building
P.O. Drawer 1889
Myrtle Beach, SC  29578
Phone: (843) 448-4357
Fax: (843) 448-4005
*Attorneys for Plaintiff*

July 20, 2017
Myrtle Beach, South Carolina